UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                           Case No. 20-13949-BKC-PGH

**IRIS ISABEL MORRELL**
**SS# XXX-XX-8679**

      Debtor
_____/

### TRUSTEE, SCOTT N. BROWN'S (I) OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION AND (II) MOTION TO COMPEL TURNOVER OF POST-PETITION RENTAL INCOME

Scott N. Brown, as Chapter 7 trustee of the Bankruptcy Estate of Iris Isabel Morrell (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105, 522, 541 and 542, and Federal Rule of Bankruptcy Procedure 4003, files his (I) Objection to Debtor's Claimed Homestead Exemption (the "Objection") and (II) Motion to Compel Turnover of Post-Petition Rental Income (the "Motion to Compel"), and in support thereof, states as follows:

### I. SUMMARY OF REQUESTED RELIEF

1. The Trustee seeks entry of an order: (a) determining that the Debtor is not entitled to exempt that portion of her Claimed Homestead Property (defined below) that is being rented to a non-family member for $1,000.00/month; (b) determining that the post-petition rental income is property of the Estate pursuant to 11 U.S.C. § 541 and subject to turnover pursuant to 11 U.S.C. § 542; (c) compelling the Debtor to immediately turn over the post-petition rental income to the Trustee; and (d) directing the Debtor not to spend or otherwise dissipate the post-petition rental income pending a ruling on the instant Objection and Motion to Compel Turnover.

2. As detailed below, at the Section 341 Meeting of Creditors (the "341 Meeting"), the Debtor testified that she rents a portion of her Claimed Homestead Property to a non-family

member for $1,000.00/month and has been doing so for nearly ten (10) years. The rental income is reflected on Line 8 of Schedule "I."

3. Accordingly, the Trustee asserts that: (a) the Debtor is not entitled to exempt that portion of the Claimed Homestead Property that is being rented; and (b) all post-petition rental income is property of the Estate and subject to turnover. The Trustee is cognizant of the Debtor's financial condition and as a result, attempted in good faith to negotiate a consensual resolution of the relief sought herein, to no avail.

## II. BACKGROUND

4. This case commenced with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor, Iris Isabel Morrell (the "Debtor") on March 25, 2020 (the "Petition Date"). Shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate").

5. The 341 Meeting was held and concluded on April 29, 2020.

6. Accordingly, the original deadline for the Trustee to file objections to the Debtor's claimed exemptions was May 29, 2020.

7. On May 29, 2020, this Court entered its *Agreed Order Granting Trustee, Scott N. Brown's Agreed Ex Parte Motion to Enlarge Time to File Objections to Debtor's Claimed Exemptions* (ECF No. 17) which enlarged the deadlines for the Trustee to file objections to the Debtor's claimed exemptions up to and through June 29, 2020.

**The Claimed Homestead Property and the Post-Petition Rental Income**

8. Line 1.1 of the Debtor's Schedule "A/B" lists her interest in the real property located at 6041 N.E. 5th Avenue, Fort Lauderdale, FL 33334 (the "Claimed Homestead Property") with a scheduled value of $281,551.00.

9. The Claimed Homestead Property is claimed as exempt on Schedule "C" pursuant to Florida's Constitutional Homestead Exemption as well as Fla. Stat. 222.01 & 222.02.

10. Schedule "D" reflects a $96,365.00 mortgage loan in favor of Chase Mortgage secured by the Claimed Homestead Property.

11. Schedule "I" reflects that the Debtor derives $1,000.00 per month in rental income, which the Debtor testified was from the rental of a portion of the Claimed Homestead Property to a non-family member. The Debtor testified that she has been renting a portion of the Claimed Homestead Property for approximately ten (10) years.

### III. OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

12. The caselaw is clear that the homestead exemption only extends to that portion of the property which a debtor uses as his or her residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business. *See, e.g., In re Nofsinger,* 221 B.R. 1018 (Bankr. S.D. Fla. 1998), *In re Wierschem*, 152 B.R. 345, 349 (Bankr. M.D. Fla. 1993).

13. Accordingly, the Trustee asserts that the Debtor is not entitled to exempt that portion of the Claimed Homestead Property that is rented to the non-family tenant, and objects to the claimed exemption of the Claimed Homestead Property. And because it appears that the Claimed Homestead Property is not divisible, the Trustee asserts that the only remedy is a sale of the Claimed Homestead Property by the Trustee with an apportionment of the sale proceeds.

### IV. MOTION TO COMPEL TURNOVER OF POST-PETITION RENTAL INCOME

14. The post-petition income derived from the rental of the Claimed Homestead Property - $1,000.00 per month - is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to §11 U.S.C. § 542.

15.     Accordingly, the Trustee seeks entry of an order compelling the Debtor to immediately turn over all post-petition rental income.

**WHEREFORE**, Scott N. Brown, as Chapter 7 trustee of the Bankruptcy Estate of Iris Isabel Morrell, respectfully requests this Honorable Court enter an Order: (1) sustaining the instant Objection; (2) granting the instant Motion to Compel Turnover; (3) determining that the Debtor is not entitled to exempt that portion of the Claimed Homestead Property that is rented to the non-family tenant; (4) determining that the post-petition rental income is property of the Estate pursuant to 11 U.S.C. § 541 and subject to turnover pursuant to §11 U.S.C. § 542; (5) directing the Debtor to immediately turn over the post-petition rental income; (6) directing the Debtor not to spend or dissipate the post-petition rental income pending a ruling on the Objection and Motion to Compel Turnover; (7) authorizing the Trustee to sell the Claimed Homestead Property and apportion the sale proceeds; and (8) granting such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    BAST AMRON LLP
    *Counsel for the Trustee, Scott N. Brown*
    SunTrust International Center
    One Southeast Third Avenue, Suite 1400
    Miami, Florida 33131
    Telephone: 305.379.7904
    Facsimile: 305.379.7905
    Email: sbrown@bastamron.com

By: */s/ Scott N. Brown*
Scott N. Brown, Esq. (FBN 663077)

Case No. 20-13949-BKC-PGH

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 29th day of June, 2020 as follows.

### **VIA CM/ECF**

- Taji S Foreman   tforeman@kahaneandassociates.com, bkecf@kahaneandassociates.com;mgranger@kahaneandassociates.com;5456272420@filings.docketbird.com
- Conwade D. Lewis   vwlewis@aol.com
- Office of the US Trustee   USTPRegion21.MM.ECF@usdoj.gov

### **VIA U.S. MAIL**

*Please see attached mailing matrix.*

*/s/ Scott N. Brown*
Scott N. Brown, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 20-13949-PGH<br>Southern District of Florida<br>Fort Lauderdale<br>Mon Jun 29 16:14:18 EDT 2020 | JPMorgan Chase Bank, National Association<br>Kahane & Associates, P.A.<br>c/o Taji Foreman, Esq.<br>8201 Peters Rd # 3000<br>Plantation, FL 33324-3292 | Bank of America<br>4909 Savarese Circle<br>F11-908-01-50<br>Tampa, FL 33634-2413 |
| Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Chase Mortgage<br>Chase Records Center/Attn: Correspondenc<br>Mail Code LA4 5555   700 Kansas Ln<br>Monroe, LA 71203 | Comenity Bank/Dots<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108-3007 | Midland Funding LLC<br>PO Box 290335<br>Tampa, FL 33687-0335 | Navient<br>Attn: Bankruptcy<br>Po Box 9640<br>Wilkes-Barre, PA 18773-9640 |
| Navy FCU<br>Attn: Bankruptcy Dept<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>Attn: Bankruptcy Dept<br>Po Box 3000<br>Merrifield, VA 22119-3000 |
| Navy Federal Cu<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | ~~Office of the US Trustee~~<br>~~51 S.W. 1st Ave.~~<br>~~Suite 1204~~<br>~~Miami, FL 33130-1614~~ | One Advantage LLC<br>PO Box 025437<br>Miami, FL 33102-5437 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Portfolio Recovery Associates LLC<br>c/o Pollack & Rosen PA<br>806 Douglas Rd #200<br>Coral Gables, FL 33134-2082 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>Po B 965064<br>Orkando, FL 32896-5064 |
| TD Bank USA NA<br>c/o RAS LaVrar LLC<br>1133 S University Dr 2nd FL<br>Plantation, FL 33324-3303 | Target<br>c/o Financial & Retail Srvs<br>Mailstop BT POB 9475<br>Minneapolis, MN 55440-9475 | ~~Conwade D. Lewis Esq.~~<br>~~3500 N State Rd 7 Ste#440~~<br>~~Lauderdale Lakes, FL 33319-5627~~ |
| Iris Isabel Morrell<br>6041 NE 5 Ave<br>Ft Lauderdale, FL 33334-1942 | ~~Scott N Brown~~<br>~~1 SE 3 Ave #1400~~<br>~~Miami, FL 33131-1708~~ | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 | End of Label Matrix<br>Mailable recipients    22<br>Bypassed recipients     0<br>Total                  22 |