UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:   Case No. 20-13949-BKC-PDR

**IRIS ISABEL MORRELL**
**SS# XXX-XX-8679**

    Debtor
_____/

**TRUSTEE, SCOTT N. BROWN'S MOTION TO APPROVE STIPULATION
FOR COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND
<u>DEBTOR REGARDING HOMESTEAD OBJECTION</u>**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Scott N. Brown, as Chapter 7 trustee of the bankruptcy estate of Iris Isabel Morrell (the "Trustee"), through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation For Compromise and Settlement Between Trustee and Debtor Regarding Homestead Objection (the "Motion"), and in support thereof states as follows:

**I. <u>Background</u>**

1.    This case commenced with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor, Iris Isabel Morrell (the "Debtor") on March 25, 2020 (the "Petition Date"). Shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate").

2.    The 341 Meeting was held and concluded on April 29, 2020.

00621010.DOCX 2

**The Claimed Homestead Property, the Post-Petition Rental Income**

3. Line 1.1 of the Debtor's Schedule "A/B" lists her interest in the real property located at 6041 N.E. 5th Avenue, Fort Lauderdale, FL 33334 (the "Claimed Homestead Property") with a scheduled value of $281,551.00.

4. The Claimed Homestead Property is claimed as exempt on Schedule "C" pursuant to Florida's Constitutional Homestead Exemption as well as Fla. Stat. 222.01 & 222.02.

5. Schedule "D" reflects a $96,365.00 mortgage loan in favor of Chase Mortgage secured by the Claimed Homestead Property.

6. Schedule "I" reflects that the Debtor derives $1,000.00 per month in rental income, which the Debtor testified was from the rental of a portion of the Claimed Homestead Property to a non-family member. The Debtor testified that she has been renting a portion of the Claimed Homestead Property for approximately ten (10) years.

**The Trustee's Objection and Motion to Compel Turnover of Post-Petition Rental Income**

7. Based on the foregoing, on June 29, 2020, the Trustee filed his *(I) Objection to Debtor's Claimed Homestead Exemption and (II) Motion to Compel Turnover of Post-Petition Rental Income* (ECF No. 20) (collectively, the "Objection").

8. On July 28, 2020, the Debtor filed her *Response to Trustee, Scott Brown's (I) Objection to Debtor's Claimed Homestead Exemption and (II) Motion to Compel Turnover of Post-Petition Rental Income* (ECF No. 29) (the "Debtor Response"), and on July 29, 2020, the Debtor filed her *Motion to Convert Case From Chapter 7 to a Case Under Chapter 13 Under 11 U.S.C. 706(a)*(ECF No. 30)(the "Motion to Convert").

9. On July 30, 2020, the Court conducted a preliminary hearing on the Objection, and, at the request of Debtor's counsel, deferred ruling and continued the hearing to August 27,

2020 at 9:30 a.m. (*see* ECF No. 31) to give the parties an opportunity to explore settlement opportunities.

10. Thereafter, the parties re-engaged in settlement discussions, reached a settlement in principle, and agreed to memorialize same..

## II. The Settlement[1]

11. In light of, among other things, the expense and uncertainty of further litigation, the Trustee and the Debtor reached a settlement of the dispute regarding the Objection and the Motion to Convert, on the terms and conditions set forth in Stipulation for Compromise and Settlement Between Trustee and Debtor Regarding Homestead Objection (the "Stipulation"), a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference.

12. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay to the Trustee, and the Trustee has agreed to accept, the sum of $8,000.00 in cleared funds (the "Settlement Amount") in full and final settlement of the Trustee's objection to the Debtor's claimed homestead exemption. The Settlement Amount shall be paid no later than September 10, 2020, by cashier's check, money order or attorney trust account check payable to "Scott N. Brown, Trustee" and delivered to the Trustee as follows: c/o Bast Amron LLP, One Southeast Third Avenue – Suite #1400, Miami, Florida 33131.

13. In addition, and subject to this Court's approval, the Settlement Parties agree that hearings on both the Objection and the Motion to Convert shall be continued pending entry of the Approval Order, and that upon entry of the Approval Order: (a) the Trustee shall upload an

---

[1] The following is a summary of the key terms of the Settlement. The terms of the Stipulation control and all parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

agreed order denying the Objection as moot pursuant to settlement; and (b) the Debtor shall withdraw the Motion to Convert

14. The Stipulation also contains, among other things: (a) representations and warranties; (b) venue and jurisdiction provisions; and (c) default provisions.

### III. Legal Standard for Settlement

15. Before addressing the substantive issues, it is important to note that the Settlement arose from extensive settlement discussions and negotiations between the Settlement Parties. The Settlement was negotiated at arm's-length and approval is in accord with the strong public policy which favors settlement in all types of litigation. *In re Grau,* 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).

16. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

17. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

18. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

19.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a) the probability of success in the litigation;
(b) the difficulties, if any, to be encountered in the matter of collection;
(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

20.     Because the Proposed Settlement, among other things: (a) resolves the Objection and the Motion to Convert by lump-sum payment; (b) is equitable based on the totality of the circumstances; (c) avoids the expense and uncertainty of further litigation; and (d) permits the Trustee to conclude his administration of this Estate in short order, the Trustee believes that the Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement as fair and reasonable, and within the reasonable range of possible litigation outcomes.

21.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B."**

**WHEREFORE**, Scott N. Brown, as Chapter 7 trustee of the Bankruptcy Estate of Iris Isabel Morrell, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) finding that the Settlement meets the factors set forth in *In re Justice Oaks II, Ltd.* and falls above the lowest point in the range of reasonableness; (3) approving the Settlement and the Stipulation in its entirety; and (4) granting such other and further relief as this Court deems just and proper.

Case No. 20-13949-BKC-PDR

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Trustee, Scott N. Brown*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

By: */s/ Scott N. Brown*
    Scott N. Brown (FBN 663077)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 19th day of August, 2020.

*/s/ Scott N. Brown*
Scott N. Brown (FBN 663077)

### VIA CM/ECF

- Taji S Foreman    tforeman@kahaneandassociates.com, bkecf@kahaneandassociates.com;mgranger@kahaneandassociates.com;5456272420@filings.docketbird.com
- Conwade D. Lewis    vwlewis@aol.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

### VIA U.S. MAIL

[*See attached mailing matrix*]

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                  Case No. 20-13949-BKC-PDR

**IRIS ISABEL MORRELL**
**SS# XXX-XX-8679**

      Debtor
_____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE
AND DEBTOR REGARDING HOMESTEAD OBJECTION**

Scott N. Brown, as Chapter 7 trustee of the Bankruptcy Estate of Iris Isabel Morrell (the "Trustee"), and debtor, Iris Isabel Morrell (the "Debtor," and collectively with the Trustee, the "Settlement Parties"), enter into this Stipulation for Compromise and Settlement Between Trustee and Debtor Regarding Homestead Objection (the "Stipulation"), and agree as follows:

**I. Background**

1. This case commenced with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor, Iris Isabel Morrell (the "Debtor") on March 25, 2020 (the "Petition Date"). Shortly thereafter, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate").

2. The 341 Meeting was held and concluded on April 29, 2020.

**The Claimed Homestead Property, the Post-Petition Rental Income**

3. Line 1.1 of the Debtor's Schedule "A/B" lists her interest in the real property located at 6041 N.E. 5th Avenue, Fort Lauderdale, FL 33334 (the "Claimed Homestead Property") with a scheduled value of $281,551.00.

4. The Claimed Homestead Property is claimed as exempt on Schedule "C" pursuant to Florida's Constitutional Homestead Exemption as well as Fla. Stat. 222.01 & 222.02.

5.  Schedule "D" reflects a $96,365.00 mortgage loan in favor of Chase Mortgage secured by the Claimed Homestead Property.

6.  Schedule "I" reflects that the Debtor derives $1,000.00 per month in rental income, which the Debtor testified was from the rental of a portion of the Claimed Homestead Property to a non-family member. The Debtor testified that she has been renting a portion of the Claimed Homestead Property for approximately ten (10) years.

## The Trustee's Objection and Motion to Compel Turnover of Post-Petition Rental Income

7.  Based on the foregoing, on June 29, 2020, the Trustee filed his *(I) Objection to Debtor's Claimed Homestead Exemption and (II) Motion to Compel Turnover of Post-Petition Rental Income* (ECF No. 20) (collectively, the "Objection").

8.  On July 28, 2020, the Debtor filed her *Response to Trustee, Scott Brown's (I) Objection to Debtor's Claimed Homestead Exemption and (II) Motion to Compel Turnover of Post-Petition Rental Income* (ECF No. 29) (the "Debtor Response"), and on July 29, 2020, the Debtor filed her *Motion to Convert Case From Chapter 7 to a Case Under Chapter 13 Under 11 U.S.C. 706(a)*(ECF No. 30)(the "Motion to Convert").

9.  On July 30, 2020, the Court conducted a preliminary hearing on the Objection, and, at the request of Debtor's counsel, deferred ruling and continued the hearing to August 27, 2020 at 9:30 a.m. (*see* ECF No. 31) to give the parties an opportunity to explore settlement opportunities.

10. Thereafter, the parties re-engaged in settlement discussions, reached a settlement in principle, and agreed to memorialize same by this Stipulation.

## II. The Settlement

11. Accordingly, and in light of, among other things, the expense and uncertainty of further litigation, and in order to, among other things, bring complete closure to both the Debtor and the Estate, the Trustee and the Debtor reached a settlement of the Objection, on the terms and conditions set forth below.

12. In full and final settlement of the Objection, and subject only to entry of a final non-appealable order of the Bankruptcy Court approving this settlement (the "Approval Order"), the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the sum of $8,000.00 in cleared funds (the "Settlement Amount"). Payment shall be made no later than September 10, 2020, by cashier's check, money order or attorney trust account check payable to "Scott N. Brown, Trustee" and delivered to the Trustee as follows: c/o Bast Amron LLP, One Southeast Third Avenue – Suite #1400, Miami, Florida 33131.

13. The Parties agree that hearings on both the Objection and the Motion to Convert shall be continued pending entry of the Approval Order, and that upon entry of the Approval Order: (a) the Trustee shall upload an agreed order denying the Objection as moot pursuant to settlement; and (b) the Debtor shall withdraw the Motion to Convert.

14. Provided that the Debtor is not in breach of any of the representations or warranties set forth herein, and following entry of the Approval Order, the Trustee agrees: (a) not to seek turnover of any scheduled property; and (b) to take no further actions against the Debtor in connection with the Debtor's bankruptcy case. It is the intent of the parties that the settlement detailed herein constitutes a global settlement of all fully disclosed and scheduled issues between the Trustee and the Debtor.

### III. Other Terms and Conditions

15. As a material inducement to the Trustee's entry into this Stipulation, the Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings") is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and documentation provided to the Trustee (collectively, the "Documents") is true, correct and accurate; and (d) the Documents contain no material errors, omissions or misrepresentations. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

16. In the event the Debtor fails to comply with the terms of this Stipulation, or should the Trustee discover that any of the Debtor's representations or warranties contained herein are untrue, the Trustee, after providing written notice of default to Debtor's counsel and allowing a five (5) day cure period, shall have the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor has claimed as exempt, for the remainder of amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, in the event of an uncured default of this Stipulation, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. § 727(a)(10), Debtor agrees to waive any procedural requirements prior to the entry of an order revoking her discharge. However, no discharge shall be revoked without hearing.

17. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom

enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

18. The Settlement Parties acknowledge that this Stipulation is a compromise of disputed claims and the execution of this Stipulation is not, and should not be construed to be as, an admission of liability on the part of either party. Both the Debtor and the Trustee expressly deny any liability or fault directly or indirectly arising out of or in connection with the matters being settled herein.

19. The Settlement Parties, jointly and severally, acknowledge and agree that: (a) each of the Settlement Parties has had the full opportunity to consult with legal counsel and has entered into this Stipulation to resolve the matters set forth herein so as to avoid the cost, risk, and delay of litigation; (b) each of the Settlement Parties have read, fully understands, and agrees to each page of this Stipulation; (c) each of the Settlement Parties has participated fully in negotiating and drafting the terms hereof; and (d) each of the Settlement Parties has entered into this Stipulation freely and voluntarily, without duress, coercion or fraudulent inducement, and for valuable consideration. Accordingly, this Stipulation shall not be more strictly construed against any one of the Settlement Parties than against the other.

20. Each of the Settlement Parties hereby agree and acknowledge that the rights and benefits granted to each of them, subject to their respective obligations hereunder, constitute full and adequate consideration to each such party to enter into this Stipulation and the ancillary documents contemplated to be delivered by each party hereunder, and each such party has

expressly bargained for and agreed that the rights afforded them constitute a material inducement to agree to settle the claims in accordance with the terms and conditions of this Stipulation.

21. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The Settlement Parties agree that electronic signatures shall be treated in all manner and respects as original signatures.

22. Each Settlement Party may enforce this Stipulation as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Stipulation. Each of the Settlement Parties irrevocably agrees that the United States Bankruptcy Court, Southern District of Florida, in the Bankruptcy Case (the "Bankruptcy Court") has sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Stipulation and resolve any and all disputes between the Settlement Parties arising from or relating to the instant settlement.

23. This Stipulation is subject to approval of the Bankruptcy Court, and the Trustee agrees to promptly seek the entry of the Approval Order from the Bankruptcy Court. Each of the Settlement Parties shall use their best efforts to obtain Bankruptcy Court approval of this Agreement. Without limiting the foregoing, the Settlement Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

## SIGNATURES ON THE FOLLOWING PAGE

Dated this __18__ day of August, 2020

_/s/ Iris I. Morrell_
Iris I. Morrell, Debtor
6041 N.E. 5th Avenue
Fort Lauderdale, FL 33334

Case No. 19-13949-BKC-PDR

Dated this __19__ day of August, 2020

_/s/ Scott N. Brown_
Scott N. Brown, Trustee
One Southeast Third Avenue, Suite 1400
Miami, FL 33131
sbrown@bastamron.com

Dated this __18__ day of August, 2020

_/s/ Conwade D. Lewis_
Conwade D. Lewis, Esquire
Counsel for Debtor
Law Offices of Conwade D. Lewis, P.A.
3500 N. State Road 7, Suite 440
Lauderdale Lakes, FL 33319
(954) 714-1011
vwlewis@aol.com

**Exhibit "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                    Case No. 20-13949-BKC-PDR

**IRIS ISABEL MORRELL**
**SS# XXX-XX-8679**

    Debtor
_____/

**ORDER GRANTING TRUSTEE, SCOTT N. BROWN'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND DEBTOR REGARDING HOMESTEAD OBJECTION**

**THIS CAUSE** having come before the Court upon *Trustee, Scott N. Brown's Motion to Approve Stipulation for Compromise and Settlement Between Trustee and Debtor Regarding Homestead Objection* (ECF No. __)(the "Motion"),[1] and the Court, having been advised by movant through the submission of the instant order that: (i) the Motion was served on all parties required by Local Rule 9013-1(D); (ii) the 21-day response time provided by that rule has expired; (iii) no one has filed, or served on the movant, a response to the Motion; and (iv) the form of order was attached as an exhibit to the Motion; having reviewed the Motion, the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

00621009.DOCX

Stipulation attached as Exhibit "A" to the Motion (the "Stipulation"), and the Court file, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Stipulation attached as Exhibit "A" to the Motion, which terms and conditions are incorporated herein by reference.

3. Without limiting the generality of the foregoing, the Trustee is authorized to: (a) take such actions; and (b) execute such documents, as he deems reasonable, necessary and/or desirable to effectuate the Settlement.

4. This Court shall retain sole and exclusive personal and subject matter jurisdiction to implement, interpret and enforce the terms and conditions of the settlement and adjudicate any and all disputes arising from, or related to, the settlement.

###

Case No. 20-13949-BKC-PDR

**Submitted by:**

Scott N. Brown, Esquire
BAST AMRON LLP
Counsel for Trustee, Scott N. Brown
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

Copy furnished to:
Scott N. Brown, Esquire

Attorney Brown is hereby directed to serve a copy of this Order immediately upon receipt on all interested parties and file a Certificate of Service.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 20-13949-PDR<br>Southern District of Florida<br>Fort Lauderdale<br>Wed Aug 19 15:53:27 EDT 2020 | JPMorgan Chase Bank, National Association<br>Kahane & Associates, P.A.<br>c/o Taji Foreman, Esq.<br>8201 Peters Rd # 3000<br>Plantation, FL 33324-3292 | Bank of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634-2413 |
| Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Chase Mortgage<br>Chase Records Center/Attn: Correspondenc<br>Mail Code LA4 5555   700 Kansas Ln<br>Monroe, LA 71203 | Comenity Bank/Dots<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine  Ste 100<br>San Diego, CA 92108-3007 | Midland Funding LLC<br>PO Box 290335<br>Tampa, FL 33687-0335 | Navient<br>Attn: Bankruptcy<br>Po Box 9640<br>Wilkes-Barre, PA 18773-9640 |
| Navy FCU<br>Attn: Bankruptcy Dept<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>Attn: Bankruptcy Dept<br>Po Box 3000<br>Merrifield, VA 22119-3000 |
| Navy Federal Cu<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | ~~Office of the US Trustee~~<br>~~51 S.W. 1st Ave.~~<br>~~Suite 1204~~<br>~~Miami, FL 33130-1614~~ | One Advantage LLC<br>PO Box 025437<br>Miami, FL 33102-5437 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Portfolio Recovery Associates LLC<br>c/o Pollack & Rosen PA<br>806 Douglas Rd #200<br>Coral Gables, FL 33134-2082 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>Po B 965064<br>Orkando, FL 32896-5064 |
| TD Bank USA NA<br>c/o RAS LaVrar LLC<br>1133 S University Dr 2nd FL<br>Plantation, FL 33324-3303 | Target<br>c/o Financial & Retail Srvs<br>Mailstop BT POB 9475<br>Minneapolis, MN 55440-9475 | ~~Conwade D. Lewis Esq.~~<br>~~3500 N State Rd 7 Ste#440~~<br>~~Lauderdale Lakes, FL 33319-5627~~ |
| Iris Isabel Morrell<br>6041 NE 5 Ave<br>Ft Lauderdale, FL 33334-1942 | ~~Scott N Brown~~<br>~~1 SE 3 Ave #1400~~<br>~~Miami, FL 33131-1708~~ | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 | End of Label Matrix<br>Mailable recipients    22<br>Bypassed recipients     0<br>Total                  22 |